

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0486-10

**THOMAS PAUL TUCKER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS KERR COUNTY

**ALCALA, J., filed a concurring opinion in which KELLER, P.J., joined.**

### CONCURRING OPINION

I respectfully concur. The majority opinion reverses the conviction of appellant, Thomas Paul Tucker, for possession of marijuana. I agree that the judgment should be reversed and the case remanded to the court of appeals. I write separately because I reach this conclusion by employing a different analysis than the majority opinion.

In his sole issue, appellant contends that the court of appeals "erred in upholding the trial court's implicit finding that petitioner's consent to the search of his residence was

voluntary." I conclude that the court of appeals did properly articulate that the deferential standard of review in *Guzman v. State* applied to the trial court's determination of historical facts. *See Montanez v. State*, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The court of appeals erred, however, by not examining the totality of the evidence and by not issuing an opinion that addresses all of the issues necessary to final disposition of the appeal. *See Guzman*, 955 S.W.2d at 89 (courts must consider totality of evidence in record); TEX. R. APP. P. 47.1 (court of appeals must hand down written opinion "that addresses every issue raised and necessary to final disposition of the appeal"); *Keehn v. State*, 233 S.W.3d 348, 349 (Tex. Crim. App. 2007) (per curiam).

Nothing in the court of appeals's opinion addresses the videotape that was admitted into evidence at the suppression hearing. In addition to the testimony of witnesses to an event, a videotape of the events as they transpired can often be a critical piece of evidence of an event. Therefore, the court of appeals's opinion should have at least mentioned whether the tape has any evidentiary value in this case. As with testimonial evidence, this Court has determined that the deferential standard of review applies to a trial court's determination of historical facts when that determination is based on a videotape recording. *See Montanez*, 195 S.W.3d at 109. Appellate courts defer to those determinations because of the "'superiority of a trial judge's position to make determinations of credibility'" and the need for a single fact finder to avoid costly and unnecessary "'[d]uplication of the trial judge's

efforts in the court of appeals[.]'" *Manzi v. State*, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574-75 (1985)). Appellate courts, therefore, must defer to trial courts' factual findings, whether those findings are express or, as here, implied and whether the evidence is in the form of testimony, videotape, or anything else. *See id*.; *Montanez*, 195 S.W.3d at 109.

Deference to the trial court's factual findings, however, does not mean that an appellate court must accept findings, whether express or implied, that are not supported by the record when viewed in a light most favorable to the trial court's ruling. *See Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) (declining to defer to trial court's ruling where indisputable visual evidence contradicted implied findings of fact). This does not mean that the appellate court is conducting a *de novo* review. "*De novo*" means that an appellate court affords no deference to the lower court's determination and the appellate court considers the matter as if it was the court of first instance. *See* BLACK'S LAW DICTIONARY 864 (2004) (defining "*de novo* judicial review" as "nondeferential"). Rather, the appellate court upholds the trial court's express or implied findings as long as an examination of the totality of the record, viewed in a light favorable to the trial court's ruling, supports them. *See Guzman*, 955 S.W.2d at 89. When there are factual disputes regarding testimony or the contents of a videotape, the trial court's findings of historical fact are afforded almost total deference. *See id*. But when evidence is conclusive, such as a written

and signed agreed stipulation of evidence or "indisputable visual evidence,"[1] then any trial-court findings inconsistent with that conclusive evidence may be disregarded as unsupported by the record, even when that record is viewed in a light most favorable to the trial court's ruling. *See Carmouche*, 10 S.W.3d at 332. Whether the trial court's findings are disregarded as inconsistent with the record or accepted as supported by the record, the court of appeals must examine the totality of the evidence in the record and must conduct that examination in a light most favorable to the trial court's rulings. *See Montanez*, 195 S.W.3d at 108; *Carmouche*, 10 S.W.3d at 332; *Guzman*, 955 S.W.2d at 89.

At first blush, the present case presents a twist in that the trial court apparently did not watch or consider the videotape evidence. Although not raised in this appeal, an appellant

---

[1]    Rarely will videotape evidence actually be "indisputable." Audio and video recordings can be conclusive as to what and how events transpired, but their evidentiary value often depends on other factors, even when that evidence captures events as they are transpiring. The clarity of the video is often dependent on the lighting, angle or focus of the camera, or the camera's distance from the object recorded. The audio may be inaudible due to the tone of the speaker, static, or other background noise. Audiotapes and videotapes can be falsified or altered with different voices or features, and the identity of the people in a video can be unclear. Furthermore, the fact finder observing the videotape would have to interpret what the footage shows with respect to the tone of the speakers, the attitudes of the participants, and any other pertinent matters that might assist in understanding the events.

Even here, where the parties seem to agree as to the events that transpired, the parties dispute the contents of the videotape. In its reply to appellant's petition for discretionary review, the State "stipulates to the Petitioner's description of the video with the following exceptions" and then lists the exceptions. The record also shows that portions of the videotape lack clarity. Moreover, the mere fact that appellant states, on the videotape, that he is concerned for his child's welfare does not necessarily establish the veracity of the statement. Perhaps a fact finder viewing the videotape could determine, for example, either that the appellant was feigning concern for his child to avoid discovery of the marijuana or that the police officer's conduct was coercive. These are determinations properly left to the trial court as the fact finder. *See Anderson v. Bessemer City*, 470 U.S. 564, 574-75 (1985).

could raise an appellate issue that challenges the trial court's refusal to consider evidence. But this appellant has not raised that issue. The appellate court must, therefore, restrict its review to the voluntariness of the search based on all the evidence admitted at the hearing.

With these comments, I respectfully concur in the Court's judgment remanding the case to the court of appeals.

Alcala, J.

Filed:  June 20, 2012

Publish